Commonwealth *v.* Hunter, Appellant.

Argued September 18, 1973.

*Stephen R. Wojdak,* for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 16, 1973:
The six judges who heard this appeal being equally divided, the judgment of sentence is affirmed.

---

OPINION IN SUPPORT OF REVERSAL BY HOFFMAN, J.:
Appellant contends that an oral statement to the police—the product of unnecessary delay between arrest and arraignment—should have been excluded at trial.

On December 8, 1972, appellant was tried before the Honorable Thomas SHIOMOS sitting without a jury on charges of carrying a concealed deadly weapon, aggravated robbery, burglary and impersonating a police officer. Prior to the case-in-chief, the trial court entertained motions to suppress an oral statement and a line-up identification of the appellant. These motions were subsequently denied. The Commonwealth produced the victim who testified that the appellant and three other men entered his apartment after announcing they were police officers searching for narcotics. They searched the apartment and at gunpoint removed a watch, radios, clothes and money. Neither the victim nor his wife could identify appellant at trial and, the wife-victim said that she could not understand how she had identified appellant in the pretrial lineup.

Commonwealth then introduced appellant's alleged oral statement, taken during the period of time between appellant's arrest at 3:00 p.m. on September 11, 1971, and his arraignment at 4:00 p.m. on the afternoon of the 12th. Appellant contends that this statement, which served as the only seriously incriminating evidence against him, should have been suppressed, as it was obtained during a period of unnecessary delay. Review-

ing the record, we find that appellant's statement did not come until 19 hours after arrest, and that arraignment followed more than 25 hours after arrest.

In view of the line of cases decided since *Commonwealth v. Futch*, 447 Pa. 389, 290 A. 2d 417 (1972), and for the same reasons as set forth in my dissenting opinion to *Commonwealth v. Johnson*, 226 Pa. Superior Ct. 7, 312 A. 2d 418 (1973), appellant's statement should have been held inadmissible.

The judgment of sentence should be reversed and appellant granted a new trial.

CERCONE and SPAETH, JJ., join in this opinion in support of reversal.